**[J-62-2025] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA,    :   No. 62 EAP 2024
                                                 :
         Appellee                       :   Appeal from the Order of the
                                                   :   Superior Court at No. 62 EDA 2023
                                                   :   entered on February 16, 2024,
           v.                                :   affirming the Order of the
                                                     :   Philadelphia County Court of
                                                   :   Common Pleas at No. MC-51-CR-
QUADIR STEADLY,                         :   0016266-2021, entered on
                                                     :   November 28, 2022.
         Appellant                      : 
                                                     :   ARGUED:  September 9, 2025

**DISSENTING OPINION**

**JUSTICE MUNDY**                                          **DECIDED: July 21, 2026**

This appeal, stemming from a sufficiency-of-the-evidence challenge,[1] raises a relatively straightforward question: whether the evidence of an arrest, based solely on an outstanding bench warrant, is insufficient to establish resisting arrest when the Commonwealth fails to produce the warrant at trial.  While ultimately answering this narrow query, the Majority endeavors down a winding path, discussing ancillary topics and issues that, in my opinion, are unnecessary to resolve the matter before us.

---

[1] As adequately explained by the Majority, "[s]ufficiency challenges are questions of law and as such, our standard of review is *de novo*."  Majority Op. at 19 (citation omitted). *See also* Black's Law Dictionary (12th ed. 2024) (defining an appeal *de novo* as one "in which the appellate court uses the trial court's record but reviews the evidence and law without deference to the trial court's rulings").  "Our scope of review considers the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner."  Majority Op. at 19 (citation and quotation marks omitted).

Initially, it seems difficult to dispute that where, as here, a police officer is informed that an outstanding bench warrant for a defendant exists, the officer has a duty to arrest the defendant. In fact, the Majority concedes as much, noting that "neither party questions that police may generally arrest a person based on an existing arrest or bench warrant, and that police often rely on police bulletins or databases rather than the physical warrants themselves when making such arrests." Majority Op. at 26-27. In the instant matter, Officer Corey Moore, on duty in his capacity as a Philadelphia Police Officer, conducted a lawful traffic stop in the City and made contact with the driver, later identified as Quadir Steadly. After receiving identification information from Steadly, Officer Moore returned to his vehicle and entered that information into his Mobile Data Terminal ("MDT"). It was at this point that the officer learned there were two bench warrants that had been issued in Steadly's name. Officer Moore confirmed this information with dispatch before returning to Steadly's car.

Upon learning of the outstanding warrants from the MDT, and confirming the same with dispatch, Officer Moore was duty bound to place Steadly under arrest. *See generally Commonwealth v. Smith*, 234 A.3d 576, 585 (Pa. 2020) ("[A] bench warrant issues only when an individual does not appear when required, and thus acts to elude or evade law enforcement or prosecution."). By all accounts, Steadly resisted the officer's attempt to perform this required duty, as he refused all direct orders from Officer Moore to exit the vehicle. Ultimately, a struggle ensued, during which Officer Moore was elbowed in the face. Per the officer, it required the assistance of several responding officers to subdue Steadly and place him into custody. *See* N.T., 4/1/2022, at 16.

These facts notwithstanding, at trial, the Commonwealth failed to produce copies of the bench warrants. On this basis, the Majority finds that the prosecution's burden of proving, beyond a reasonable doubt, an element of the resisting arrest offense, *i.e.*, the

lawfulness of the underlying arrest, could not be satisfied. While this finding alone is sufficient to resolve the matter before us, the Majority's analysis does not end there. Instead, the Majority discusses Officer Moore's lack of "knowledge of the reasons why the bench warrants were issued in Steadly's name[,]" *see* Majority Op., at 35, a seemingly insignificant fact considering its earlier concession "that police may generally arrest a person based on an existing … bench warrant[.]" *Id.* at 26.

The Majority also discusses cases where, admittedly, we have held that a defendant is not guilty of resisting arrest where a police officer, observing the defendant's conduct, sincerely but erroneously concludes that it comprises a criminal offense, and arrests the defendant. *See, e.g., Commonwealth v. Biagini*, 655 A.2d 492, 497 (Pa. 1995) (accepting the Superior Court's conclusion that Biagini's behavior, including a vulgar-filled tirade, did not amount to disorderly conduct or public drunkenness and thus, "Biagini had committed no action which justified his immediate apprehension"); *Commonwealth v. Hock*, 728 A.2d 943, 947 (Pa. 1999) (holding that "Hock's remark did not constitute disorderly conduct, and the officer thus lacked probable cause to arrest her for that offense"). This, however, is not what occurred here. In both *Biagini* and *Hock*, there was no lawful arrest due to the officer's misinterpretation of the criminal statute, and thus, the defendant could not have been guilty of resisting a lawful arrest.

Without belaboring the point, in this case, the arrest was based on the officer's knowledge of two outstanding bench warrants in Steadly's name. In other words, there is a material distinction between an on-the-spot assessment of potential criminal behavior and a scenario in which an officer reasonably relies upon information indicating the existence of an outstanding warrant for a defendant. Put simply, the issue in this case is not whether the arrest was lawful or unlawful. Nor whether the warrant was valid or invalid. Rather, the highly fact-specific scenario underlying the matter before us concerns

only active bench warrants and the proof required to be presented at trial for a resisting arrest conviction.

In all, I find Officer Moore's actions in this case proper and indeed compulsory, as he was informed of two bench warrants in Steadly's name during a traffic stop. To the extent the Commonwealth did not meet its burden at trial, that is a discrete well-settled evidentiary issue. I thus cannot join any portion of the Majority's opinion that goes beyond the parameters of bench warrants or which endeavors to address circumstances not relevant to the present matter. Accordingly, I dissent.